IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASMINE DOSS,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF AMHERST, OHIO, *et al.*,<br><br>        Defendants. | CASE NO. 1:24-cv-1622<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**ORDER** |

In September 2024, pro se plaintiff Jasmine Doss filed a Motion to proceed in forma pauperis, Doc. 2, in which she attached an "affidavit of need" requesting court-appointed counsel, Doc. 2-1. The Court granted her Motion to proceed in forma pauperis. Doc. 6. This Order addresses Doss's request for appointment of counsel.

"Appointment of counsel in a civil case is not a constitutional right," but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal quotation marks and citations omitted). When determining whether "exceptional circumstances" exist in a given case, courts consider: (1) the plaintiff's ability to represent herself, (2) the chance of success of the plaintiff's claims, and (3) the factual and legal complexity of the case. *Id.* at 606; *see Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012).

Doss requests appointed counsel because, she states, she can't afford an attorney. Doc. 2-1. But she has not shown that exceptional circumstances exist in this case to warrant appointment of counsel. Doss has submitted well-drafted filings to the Court, showing that she can litigate her case. At this time it does not appear that her civil rights case is factually complex. And it is too early to gauge Doss's chance of success on her claims.

For all of these reasons, Doss's request for appointment of counsel, Doc. 2-1, is denied.

Dated: November 26, 2024

                                                  */s/ James E. Grimes Jr.*
                                                  James E. Grimes Jr.
                                                  U.S. Magistrate Judge