UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JASMINE DOSS | : | Case No. 1:24-cv-01622-CEF |
| Plaintiff, | : | JUDGE CHARLES ESQUE FLEMING |
| v. | : | MAGISTRATE JAMES E. GRIMES, JR. |
| CITY OF AMHERST, OHIO, et al. | : | **REPLY IN SUPPORT OF DEFENDANT HON. THOMAS JANUZZI'S MOTION TO DISMISS** |
| Defendants. | : | |

*Pro se* Plaintiff Jasmine Doss filed both a Response to the Motion to Dismiss filed by Defendant Judge Thomas Januzzi ("Response") (Doc. 22) and a Motion to Drop Judge Januzzi and Defendant Patrick Ward ("Motion to Drop") (Doc. 23), requesting this Court drop Judge Januzzi and Defendant Ward from this action *without prejudice*. Because: (i) both the Response and the Motion to Drop acknowledge that Doss does not bring claims against Judge Januzzi in this action; and (ii) even if she did, the Response does little to address the fundamental flaws in her Complaint as they would pertain to Judge Januzzi, the Judge respectfully requests this Court dismiss him *with prejudice.*

Judge Januzzi moved to dismiss the Complaint on the following grounds: (i) under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review Doss's claims against Judge Januzzi to the extent she is challenging judicial determinations previously made by the Judge; (ii) a collateral cause of action is not a substitute for an appeal; further, principles of abstention dictate a dismissal; (iii) Judge Januzzi is entitled to judicial immunity from civil liability; (iv) Judge Januzzi has sovereign immunity for Doss's official capacity claim pled against him; (v) the *Ex parte Young* exception to sovereign immunity does not apply to Doss's claims for relief; (vi) only the Ohio Supreme

1

Court has authority to discipline attorneys and judges in Ohio; and (vii) the Complaint is insufficient and fails to state a claim for which relief may be granted.

First, the Response makes clear that Doss does not bring claims against Judge Januzzi for many of the reasons stated in the Judge's Motion to Dismiss. For example, the Response makes the following statements:

- "At the time of initiating this action Plaintiff generally believed that Thomas Januzzi was immune from any action because she was awaiting a ruling on her motions for the criminal proceedings by the Supreme Court of Ohio . . ." (Doc. 22; PAGEID: 233-234).

- "The plaintiff did not petition this court for claims against Defendant Januzzi at the time this action was filed, nor is there an amended complaint to bring claims against Januzzi at the time of filing this answer, and no such claims for relief against defendant Januzzi exist in this independent action." (Doc. 22; PAGEID: 234).

- "[S]ince no claims were brought against Januzzi, no relief is sought, and the complaint alleges that he is immune from liability at the time of filing, there are no claims subject to dismissal under Rule 12 of the federal Rules of Civil Procedure . . ." (Doc. 22; PAGEID: 234).

- "Since Plaintiff is not seeking a review of the state court judgment, and plaintiff is currently already seeking review through writ of certiorari with the Supreme Court, [the *Rooker-Feldman* doctrine] [does] not apply to this independent action . . ." (Doc. 22; PAGEID: 237).

- "Plaintiff does not challenge the state court ruling nor does the complaint even suggest that . . ." (Doc. 22; PAGEID: 247).

Moreover, to the extent the Response addresses claims asserted against other Defendants in this action, Judge Januzzi need not respond.

Second, the Motion to Drop states: "There are no active claims brought against Defendant's Thomas Januzzi and Patrick ward both parties are immune at this time, consequently, there are no claims subject to dismissal under Federal Civil Rule 12." (Doc. 23; PAGEID: 255). It further states: "Plaintiff' does not desire termination of this action but, rather, requests the court to drop the specified defendants who were already Clearly

2

excluded and immune from liability both in the complaint and acknowledged by defendant through counsel in his motion to dismiss." (Id., PAGEID: 257).

Ultimately, both the Response and the Motion to Drop make clear that Doss did not intend to bring claims against Judge Januzzi, as well as that she is aware of some or all of the defenses available to the Judge. Because of those available defenses, outlined fully in Judge Januzzi's Motion to Dismiss, a dismissal of Judge Januzzi without prejudice would prejudice the Judge, who may potentially be required to respond to similar claims in the future. Therefore, Judge Januzzi respectfully asks this Court to dismiss all of Doss's claims against him, *with prejudice*.

Respectfully submitted,

MONTGOMERY JONSON LLP

***/s/ Cooper D. Bowen***
COOPER D. BOWEN (0093054)
BRIAN T. SMITH (0102169)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
cbowen@mojolaw.com / 513.768.5242
bsmith@mojolaw.com / 513.381.9279

*Counsel for Defendant Judge Thomas Januzzi*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of February, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that the foregoing was served by Ordinary U.S. Mail upon the following:

Jasmine Doss
5520 Beavercrest Drive #6
Lorain, OH 44053

                                        ***/s/ Cooper D. Bowen***
                                        COOPER D. BOWEN (0093054)