UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JASMINE DOSS, | ) | CASE NO. 1:24-cv-01622 |
| | ) | |
| Plaintiff, | ) | JUDGE FLEMING |
| | ) | Magistrate Judge Grimes |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANTS CITY OF** |
| CITY OF AMHERST, et al. | ) | **AMHERST, OHIO, CHRISTOPHER** |
| | ) | **ALTEN, JAKE PODROSKY, JARED** |
| Defendants. | ) | **WARNER, BRETT GRANDY, MARK** |
| | ) | **CAWTHON AND JAKE PEREZ** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |

NOW COMES Defendants, City of Amherst, Ohio, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon and Jake Perez, by and through undersigned counsel, and hereby responds to the allegations in Plaintiff's Complaint as follows:

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

4. Defendants admit that it is a political subdivision and employs police sergeant Christopher Alten, but deny the remainder of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit that Defendants Christopher Alten is an Amherst police sergeant and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

6. Defendants admit that Defendants Jake Podrosky is an Amherst police officer and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

7. Defendants admit that Defendants Jared Warner is an Amherst police officer and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

8. Defendants admit that Defendants Brett Grandy is an Amherst police officer and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

9. Defendants admit that Defendants Mark Cawthon is the Amherst Chief of Police and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of

knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

10. Defendants admit that Defendants Jake Perez is an Amherst police lieutenant and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

11. Defendants admit that Defendants Thomas Januzzi is an Oberlin Municipal Magistrate and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

12. Defendants admit that Defendants Patrick Ward is the Assistant Director of Law for the City of Amherst and at all times relevant to this Complaint acted under color of state law. Defendants deny the remainder of the allegations contained in Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

13. The law cited in Paragraph 13 of Plaintiff's Complaint speaks for itself and therefore does not require a response. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the events that give rise to the allegations occurred in this judicial district and that the Defendants work in Amherst, a city contained within this judicial

district; however Defendants deny the remainder of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint. To the extent that there is video of the encounter, those videos speak for themselves.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Amherst received complaints regarding Plaintiff's conduct and that officers arrived on scene; however, Defendants deny the remainder of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the

statements contained therein except to state that the records referred to by Plaintiff will speak for themselves.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants admit that Officers Podrosky and Warner were involved in the investigation and that Officer Warner drafted a report, however Defendants deny the remainder of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that officers met with complainants at the scene on September 15, 2023, however Defendants deny the remainder of the allegations contained in paragraph 32 of Plaintiff's Complaint with the exception that recordings will speak for themselves.

33. Defendants admit that officers met with complainants at the scene on September 15, 2023, however Defendants deny the remainder of the allegations contained in paragraph 33 of Plaintiff's Complaint with the exception that recordings will speak for themselves.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint, except that recordings will speak for themselves.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint, except that recordings will speak for themselves.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint, except that the findings of Judge Januzzi in the criminal trial are public record and speak for itself.

40. Defendants admit that public events are held in Amherst with sound amplification, but deny the remainder of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint except that the case law and ordinance cited within speak for themselves.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants admit that Plaintiff was subject to a bench trial, but deny the remainder of the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, except that the records of the proceedings will speak for themselves.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint for want of knowledge or information sufficient to support a belief as to the truth of the statements contained therein, except that the case law and trial records will speak for themselves.

51. Paragraph 51 of Plaintiff's Complaint is an apparent recitation of case law that will speak for itself, therefore a response is not needed. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Paragraph 52 of Plaintiff's Complaint is an apparent recitation of case law that will speak for itself, therefore a response is not needed. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein, except that the case law cited by Plaintiff speaks for itself.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth of the statements contained therein, except that the case law cited by Plaintiff speaks for itself.

56. Paragraph 56 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

57. Paragraph 57 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

58. Paragraph 58 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

59. Paragraph 59 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

60. Paragraph 60 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

61. Paragraph 61 of Plaintiff's Complaint is an apparent recitation of case law, which does not require a response as the case law speaks for itself. To the extent that a response is required, Defendants deny the allegations contained therein.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint, except that the case law cited therein speaks for itself.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants admit that Plaintiff was found guilty of two counts, that Plaintiff filed a motion with the appellate court to file a delayed appeal and that if further appeal is allowed this

case is not ripe for adjudication, however Defendants deny the remainder of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

## COUNT I
## 42 USC § 1983 – FOURTH AMENDMENT, WRONGFUL ARREST

73. Defendants hereby incorporate all previous responses to Paragraphs 1-72 of Plaintiff's Complaint as if fully restated herein.

74. Defendants deny the allegations contained in Paragraphs 74-78 of Plaintiff's Complaint.

## COUNT II
## FALSE ARREST

75. Defendants hereby incorporate all previous responses to Paragraphs 1-78 of Plaintiff's Complaint as if fully restated herein.

76. Defendants deny the allegations contained in Paragraphs 80-85 of Plaintiff's Complaint.

## COUNT III
## 42 USC § 1983 –FOURTH AMENDMENT, MALICIOUS PROSECUTION

77. Defendants hereby incorporate all previous responses to Paragraphs 1-85 of Plaintiff's Complaint as if fully restated herein.

78. Defendants deny the allegations contained in Paragraphs 87-93 of Plaintiff's Complaint.

## COUNT IV
## 42 USC § 1983 –FOURTH AMENDMENT, UNLAWFUL SEARCH

79. Defendants hereby incorporate all previous responses to Paragraphs 1-93 of Plaintiff's Complaint as if fully restated herein.

80. Defendants deny the allegations contained in Paragraphs 95-101 of Plaintiff's Complaint.

## COUNT V
## 42 USC § 1983 –FOURTH AMENDMENT, WRONGFUL DETENTION

81. Defendants hereby incorporate all previous responses to Paragraphs 1-101 of Plaintiff's Complaint as if fully restated herein.

82. Defendants deny the allegations contained in Paragraphs 103-108 of Plaintiff's Complaint.

## COUNT VI
## 42 USC § 1983 – FABRICATED EVIDENCE, WRONGFUL CONVICTION

83. Defendants hereby incorporate all previous responses to Paragraphs 1-108 of Plaintiff's Complaint as if fully restated herein.

84. Defendants deny the allegations contained in Paragraphs 110-115 of Plaintiff's Complaint.

## COUNT VII
## 42 USC § 1983 – *MONELL* LIABILITY, FAILURE TO TRAIN

85. Defendants hereby incorporate all previous responses to Paragraphs 1-115 of Plaintiff's Complaint as if fully restated herein.

86. Defendants deny the allegations contained in Paragraphs 117-127 of Plaintiff's Complaint.

## COUNT VIII
## 42 USC § 1983 – SUPERVISORY LIABILITY (DEFENDANTS PODROSKY, WARNER, CAWTHON)

87. Defendants hereby incorporate all previous responses to Paragraphs 1-127 of Plaintiff's Complaint as if fully restated herein.

88. Defendants deny the allegations contained in Paragraphs 129-132 of Plaintiff's Complaint.

## COUNT IX
## OHIO R.C. §§ 2307.60, 2921.45 -CIVIL LIABILITY FOR CRIMINAL ACTS, INTERFERENCE WITH CIVIL RIGHTS

89. Defendants hereby incorporate all previous responses to Paragraphs 1-132 of Plaintiff's Complaint as if fully restated herein.

90. Defendants deny the allegations contained in Paragraphs 134-138 of Plaintiff's Complaint.

## COUNT X
## OHIO R.C. §§ 2307.60, 2921.44(E) -CIVIL LIABILITY FOR CRIMINAL ACTS, DERELICTION OF DUTY

91. Defendants hereby incorporate all previous responses to Paragraphs 1-138 of Plaintiff's Complaint as if fully restated herein.

92. Defendants deny the allegations contained in Paragraphs 140-142 of Plaintiff's Complaint.

## COUNT XI
## OHIO R.C. §§ 2307.60, 2921.03 -CIVIL LIABILITY FOR CRIMINAL ACTS, ATTEMPTING TO INFLUENCE

93. Defendants hereby incorporate all previous responses to Paragraphs 1-142 of Plaintiff's Complaint as if fully restated herein.

94. Defendants deny the allegations contained in Paragraphs 144- Second Paragraph 118 of Plaintiff's Complaint.

## COUNT XII
## OHIO R.C. §§ 2307.60, 2921.11 -CIVIL LIABILITY FOR CRIMINAL ACTS, PERJURY

95. Defendants hereby incorporate all previous responses to Paragraphs 1-Second Paragraph 118 of Plaintiff's Complaint as if fully restated herein.

96. Defendants deny the allegations contained in Second Paragraph 120-Second Paragraph 126 of Plaintiff's Complaint.

## COUNT XIII
## OHIO R.C. §§ 2307.60, 2921.12 -CIVIL LIABILITY FOR CRIMINAL ACTS, TAMPERING WITH EVIDENCE (DEFENDANTS PODROSKY, WARNER, GRANDY)

97. Defendants hereby incorporate all previous responses to Paragraphs 1-Second Paragraph 126 of Plaintiff's Complaint as if fully restated herein.

98. Defendants deny the allegations contained in Second Paragraph 128-Second Paragraph 133 of Plaintiff's Complaint.

## COUNT XIV
## OHIO R.C. §§ 2307.60, 2921.13 -CIVIL LIABILITY FOR CRIMINAL ACTS, FALSIFICATION (DEFENDANTS PODROSKY, WARNER, GRANDY)

99. Defendants hereby incorporate all previous responses to Paragraphs 1-Second Paragraph 133 of Plaintiff's Complaint as if fully restated herein.

100. Defendants deny the allegations contained in Second Paragraph 135-Second Paragraph 138 of Plaintiff's Complaint.

## COUNT XV
## SPOLIATION (DEFENDANTS AMHERST)

101.  Defendants hereby incorporate all previous responses to Paragraphs 1-Second Paragraph 138 of Plaintiff's Complaint as if fully restated herein.

102.  Defendants deny the allegations contained in Second Paragraph 140 of Plaintiff's Complaint.

## CLAIM XVI
## OHIO R.C. § 149.351 - DESTRUCTION OF PUBLIC RECORDS (DEFENDANTS AMHERST)

103.  Defendants hereby incorporate all previous responses to Paragraphs 1-Second Paragraph 140 of Plaintiff's Complaint as if fully restated herein.

104.  Defendants deny the allegations contained in Second Paragraph 142- Paragraph 148 of Plaintiff's Complaint.

## CLAIM XVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANTS ALTEN, CAWTHON, PODROSKY, WARNER, AND GRANDY)

105.  Defendants hereby incorporate all previous responses to Paragraphs 1-148 of Plaintiff's Complaint as if fully restated herein.

106.  Defendants deny the allegations contained in Paragraphs 150- 153 of Plaintiff's Complaint.

## CLAIM XVIII
## 42 USC § 1983 – FIRST AMENDMENT, RETALIATORY PROSECUTION

107.  Defendants hereby incorporate all previous responses to Paragraphs 1-153 of Plaintiff's Complaint as if fully restated herein.

108.  Defendants deny the allegations contained in Paragraphs 155-165 of Plaintiff's Complaint.

## CLAIM XIX
## 42 USC § 1983, § 1985 - CONSPIRACY

109. Defendants hereby incorporate all previous responses to Paragraphs 1-165 of Plaintiff's Complaint as if fully restated herein.

110. Defendants deny the allegations contained in Paragraphs 167-175 of Plaintiff's Complaint.

## CLAIM XX
## 42 USC § 1983 – FIRST AMENDMENT RETALIATION

111. Defendants hereby incorporate all previous responses to Paragraphs 1-175 of Plaintiff's Complaint as if fully restated herein.

112. Defendants deny the allegations contained in Paragraphs 177-182 of Plaintiff's Complaint.

113. Defendants deny all allegations contained in Plaintiff's Complaint not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

114. Plaintiff's Complaint fails to state a claim and/or cause of action upon which relief can be granted.

115. Defendants are entitled to qualified immunity.

116. Defendants acted in good faith and pursuant to the duties imposed by the U.S. Constitution and the Ohio Revised Code. These Defendants hereby assert all applicable credits, set offs, defenses and immunities available, including privilege.

117. Defendants did not act with malice.

118. Defendants are entitled to the privileges, immunities, defenses, and damage restrictions contained in Ohio Revised Code 2744.

119. No policy or practice of the Defendants caused or resulted in a violation of any statutory or constitutional right of Plaintiff.

120. Plaintiff's Complaint is barred by applicable statute of limitations.

121. This Court lacks subject matter and personal jurisdiction.

122. This Complaint fails for insufficient service of process.

123. Plaintiff was engaged in a crime at the time of her arrest and therefore her claims are barred.

124. Plaintiff's Complaint fails by reasoning of the *Younger* Doctrine

125. Defendants are entitled to set-off from any adverse verdict or judgment entered of any amount paid to Plaintiff by any person or entity pursuant to Ohio Revised Code § 2307.28.

126. Defendants are entitled to apportionment of liability to non-parties to this action pursuant to Ohio Revised Code § 2307.23.

127. Recovery of noneconomic damages is limited pursuant to Ohio Revised Code 2744.05 and/or Ohio Revised Code § 2315.18.

128. The damages Plaintiff alleges resulted from contributory negligence, comparative negligence and/or assumption of the risk by the Plaintiff.

129. Defendants are not liable to the Plaintiff under the doctrine of in pari delicto.

130. Plaintiff has failed to join a necessary party or parties for a just adjudication of this matter.

131. The damages and/or injuries to Plaintiff resulted from the negligence or conduct from other persons or entities over which Defendants had no control or duty to control.

132. Plaintiff has not alleged sufficient facts to demonstrate an entitlement to punitive damages.

133. The damages and/or injuries, which the Plaintiff complains, if any, were caused by intervening or superseding causes thereby relieving Defendants of any liability therefor.

134. Defendants training was adequate and did not contribute to any alleged constitutional violation.

135. Defendants hereby gives notice that it intends to assert and rely upon all affirmative defenses, avoidance, counter-claims, cross-claims and third-party claims, which become apparent or available during the course of discovery or trial, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendants City of Amherst, Ohio, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez deny the Prayer for Relief in Plaintiff's Complaint. Defendants respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and that Plaintiff be ordered to pay all costs and reasonable attorneys' fees sustained by Defendants.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: *[signature]*
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3823
Fax: (216) 344-9006
Email: jldinehart@mdwcg.com
*Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez*

**JURY DEMAND**

Defendants hereby demand a jury of eight persons to try all issues so triable.

          MARSHALL DENNEHEY P.C.

          By: *[signature]*
          JILLIAN L. DINEHART (0086993)
          *Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 11, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and upon Plaintiff as follows:

JASMINE N. DOSS
5520 Beavercrest, Apt. 6
Lorain, Ohio 44053
lovinchrist8692@gmail.com
*Plaintiff, pro se*

MARSHALL DENNEHEY P.C.

By: /s/ Jillian L. Dinehart
JILLIAN L. DINEHART (0086993)
*Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez*