# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JASMINE DOSS, | CASE NO. 1:24-cv-01622 |
| Plaintiff, | JUDGE FLEMING |
| | Magistrate Judge Grimes |
| v. | |
| | **DEFENDANT PROSECUTOR** |
| CITY OF AMHERST, et al. | **PATRICK WARD'S MOTION TO** |
| | **DISMISS WITH PREJUDICE** |
| Defendants. | |

NOW COMES Defendant, Patrick Ward, by and through undersigned counsel, and hereby moves this Honorable Court to dismiss the Complaint against him as he is entitled to the qualified immunity of a prosecutor under both state and federal law, as admitted by Plaintiff in her Complaint. This Motion is supported by the attached memorandum in support, incorporated herein. Prosecutor Ward also hereby incorporates the arguments made by Defendant Judge Januzzi in his Motion to Dismiss as if made herein. See Doc. No. 18.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: *[signature]*
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3823
Fax: (216) 344-9006
Email: jldinehart@mdwcg.com
*Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez*

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF THE CASE**

Plaintiff Jasmine Doss alleges she was wrongfully arrested and prosecuted for exercising her right to free speech on September 15, 2023 by preaching through an amplified microphone in front of a bar in Amherst, Ohio. Plaintiff was cited by the Amherst police, and prosecuted by the City through its law director, Patrick Ward. After a bench trial before Co-Defendant Hon. Thomas Januzzi, Plaintiff Doss was found guilty of Disturbing the Peace (Amherst Ord. 509.08) and Disorderly Conduct (Ohio R.C. § 2917.11(A)(2)). The court delivered a written opinion with its findings.

Plaintiff Doss acknowledges in her Complaint that Prosecutor Ward has immunity. Compl. ¶ 12, Doc. No. 1, PageID 4. Despite this, Plaintiff's Complaint alleges various acts she perceived to impinge on her civil rights. These allegations generally fall into two categories: record destruction, and trial advocacy.

A. **ALLEGED DESTRUCTION OF RECORDS**

In Paragraph 38, Plaintiff alleges that Prosecutor Ward withheld, redacted, and/or destroyed records surrounding her arrest. Compl. at ¶ 38, Doc. No. 1, PageID 16. In Paragraph 66, Plaintiff alleges that Prosecutor Ward, in his role as the (assistant) law director for Amherst, "advised APD records officers to withhold certain records from personal devices and other documentation via email, that would further expose gross police misconduct within the department." Id., Doc. No. 1, PageID 30. Plaintiff Doss elaborates on this claim in Count XV of her Complaint, stating

> "Patrick Ward, who served as prosecutor in Mrs. Doss's criminal case – claimed to Mrs. Doss prospective legal representation that (the officers') persona device records during the time of Mrs. Doss (sic) arrest were redacted because they were not relevant to Mrs. Doss (sic) arrest despite the redacted messages occurring before, during, and shortly after Mrs. Doss (sic) arrest. If this is true, this leads to the logical conclusion that Defendant city of Amherst

2

> destroyed and withheld many records related to Mrs. Doss, including text messages from personal devices of police communications regarding Mrs. Doss's arrest and prosecution."

Compl. at 2nd[1] ¶ 140, Doc. No. 1, PageID 44-45. Plaintiff lacks any factual allegations to hold out that Prosecutor Ward destroyed any documents. Her sole factual allegation is that he instructed City personnel to redact officers' personal text messages. As seen below, Although Plaintiff has brought claims for spoliation and destruction of public records; she has not brought any of those claims against Prosecutor Ward.

### B. ALLEGED IMPROPER TRIAL ADVOCACY

Paragraphs 45 through 48 of the Complaint detail Plaintiff Doss's allegations against Prosecutor Ward for his conduct during her criminal trial. She alleges that the City prosecuted her because it knew her intention to file a civil complaint. Compl. at ¶ 45, Doc No. 1, PageID 19-20. Plaintiff Doss complains that Prosecutor Ward's line of questioning regarding her intent to file civil proceedings was inappropriate, though it was permitted by Judge Januzzi over the objection of her counsel. Id. at ¶ 46, Doc No. 1, PageID 20. She further complains that Prosecutor Ward used her intent to file a civil lawsuit in his closing statement. Id. Plaintiff Doss also appears to allege that Prosecutor Ward "overcharged" her by pleading allied offenses subject to merger. Id. at ¶ 48, Doc. No. 1, PageID 22. By implication, Plaintiff Doss also alleged that Prosecutor Ward allowed perjured testimony to be presented at trial, though she does not state how he would have known that the testimony was false, and therefore fails to present any factual allegations to support this assertion. Id.

Paragraphs 49 through 62 of Plaintiff's Complaint allege that Prosecutor Ward purposefully inhibited her right to appeal her conviction. However, the only factual allegation against

---

[1] Plaintiff's Complaint is misnumbered and therefore repeats paragraphs.

Prosecutor Ward is that he opposed her motion to tax the cost of the trial transcript to the State. Compl. at ¶ 53, Doc. No. 1, PageID 25. In turn, the court denied her motion to tax costs and she alleges she was unable to file her appeal. She alleges Prosecutor Ward "knew that the transcript of the trial would have been essential for both full appellate review of the trial court's alleged errors and impeaching the credibility of the State's witnesses. Id. at ¶ 62, Doc. No. 1, PageID 28.

## II. STATEMENT OF THE CASE

Plaintiff has plead the following claims against all Defendants, including Prosecutor Ward:

- Count I: 42 USC 1983 – Fourth Amendment Wrongful Arrest
- Count II: False arrest under Ohio law
- Count III: 42 USC 1983 – Fourth Amendment malicious Prosecution
- Count IV: 42 USC 1983 – Fourth Amendment Unlawful Search
- Count V: 42 USC 1983 – Fourth Amendment Wrongful Detention
- Count VI: 42 USC 1983 – Wrongful Conviction, Fabricated Evidence
- Count IX: Civil Liability for Criminal Acts – Interference with Civil Rights
- Count X: Civil Liability for Criminal Acts – Dereliction of Duty
- Count XI: Civil Liability For Criminal Acts – Attempting To Influence A Public Servant With False Writings
- Count XVIII: 42 USC 1983 – First Amendment, retaliatory prosecution
- Count XIX: 42 USC 1985 – Conspiracy
- Count XX: 42 USC 1983 – First Amendment Retaliation

However, of those claims, Prosecutor Ward is only factually referenced as the recipient of alleged false evidence that, in turn, influenced his decision to prosecute. For example:

> The "prosecutor's independent judgment was overcome" by the police defendants' alleged actions including creation of false information that was forwarded to the prosecutor for prosecution. Compl. at ¶¶ 82, 88, 104, 110 Doc. No. 1, PageID 34.

> "Defendant Warner, under the supervision of Defendants Alten, Podrosky and Cawthorn, (sic) and in complicity with other individual Defendants, filed or submitted false writings in a reckless manner in an attempt to influence public servants to prosecute and convict Mrs. Doss and preside over such a travesty." Compl. at 2nd ¶ 116, Doc. No. 1, Page ID 41.

4

> "Defendant Prodrosky (sic) and Warner were complicit, by among other things, signing off on Defendant Warner's false statements. Those false statements were material to the prosecution of Mrs. Doss." Compl. at 2nd ¶¶ 123-124, Doc. No. 1, PageID 42
>
> "Defendant's (sic) Podrosky and Warner knowingly made and coerced false statements in official proceedings, including his perjured affidavit, with the purpose to incriminate Mrs. Doss, and witness statements with a purpose to mislead public officials in the course of their official duties." Compl. at 2nd ¶ 136, Doc. No. 1, PageID 44
>
> "The named Defendants knew official proceedings were imminent, including the prosecution of Mrs. Doss and likely civil litigation. The named Defendants knowingly presented false and misleading records to mislead public officials, including by presenting a false complaint to initiate criminal prosecution." Compl. at 2nd 129-130, Doc. No. 1, PageID 43.
>
> "The named Defendants engaged in extreme and outrageous conduct by, among other things: Charging and causing Mrs. Doss to be charged with a crime when they knew they coerced false witness statements and falsified evidence." Compl. at ¶ 162, Doc. No. 1, Page ID 47-48.

Plaintiff's Conspiracy claim seems to summarize each party's role in her arrest and conviction. The only overt action alleged against Prosecutor Ward is that he: "intentionally denied an indigent defendant's motions for appointed counsel for a direct appeal as of right and transcripts of prior proceedings with the intent to unconstitutionally interfere with Mrs. Doss (sic) right to appeal her conviction, preventing her access to a fair trial violating due process and equal protection laws to a fair trial." Compl. at ¶ 171, Doc. No. 1, PageID 49.

Given Plaintiff's admission that Prosecutor Ward has immunity, the limited factual support for any of the numerous claims she has generically brought against all Defendants, and the application of qualified and sovereign immunity to those facts, Prosecutor Ward should be dismissed from this action with prejudice.

5

### III. LAW AND ARGUMENT

#### A. STANDARD OF REVIEW

Fed. Civ. R. 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Civ. R. 12(b)(6), the court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Only a "short and plain statement of the claims showing that the pleader is entitled to relief" is required. Id. citing Fed. Civ. R. 8(a)(2). Although a pro-se pleading should be liberally construed, a court should not overlook "basic pleading essentials" in suits brought by a pro se plaintiff. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989). To command otherwise would require courts "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Carver v. Kentucky*, W.D. KY No. 1:18-CV-164-JHM, 2019 WL 418703, *4 (Feb. 1, 2019) citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

#### B. PROSECUTOR WARD IS ENTITLED TO FEDERAL PROSECUTORIAL IMMUNITY

Prosecutors are entitled to absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor is entitled to absolute immunity when engaged in the traditional functions of an advocate, such as opposing a motion by the criminal defendant, or making arguments before the court based upon allowed cross-examination. *Kalina v. Fletcher*, 522 U.S. 118, 130, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). "In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with

the judicial phase of the criminal process." *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir.2003). As long as a prosecutor's actions are related to the prosecutorial role of advocacy, his or her actions are protected by absolute immunity, even if those actions are illegal. *Cady v. Arenac County*, 574 F.3d 334, 340 (6th Cir.2009). As Plaintiff Doss's argument outlined above, in *Imbler*, the Court held that the prosecutor was entitled to absolute immunity even though he was accused of knowingly presenting false testimony at trial. 424 U.S. at 413, 430, 96 S.Ct. 984. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) ("The use of perjured testimony and the non-disclosure of exculpatory information are certainly entitled to absolute immunity.").

Plaintiff Doss's Complaint alleges, if very liberally construed, that Prosecutor Ward moved forward with the prosecution and overcharged her because he knew that she was threatening to file a civil action against Amherst, and then used that knowledge to impeach her credibility at trial. Like the cases above, Plaintiff Doss also alleges that Prosecutor Ward allowed witnesses to offer perjured testimony (though she also pleads that Prosecutor Ward did not knowingly do so). These are actions taken in the traditional role of an advocate and are entitled to absolute immunity. Those acts that occur in the course of the prosecutor's role as an advocate for the state, such as initiation of the judicial proceedings, trial preparation, and actual case presentation in court, are protected by absolute immunity. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This includes allegations of overcharging. *Adams v. Tausend*, E.D. Mich. No. 17-10708, 2017 WL 9470710, *4, (May 25, 2017) report and recommendation adopted sub nom. *Adams v. Roberts*, E.D. Mich. No. 17-cv-10708, 2017 WL 3167432 (Jul. 26, 2017); see also *Cady v. Arenac Cty.*, 574 F.3d at 341 and *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand

jury). Finally, Plaintiff alleges that Prosecutor Ward opposed motions that would have permitted her to more easily appeal her conviction. These actions are clearly within the scope of the traditional role of an advocate for the state and thus are subject to absolute prosecutorial immunity.

### C. PROSECUTOR WARD IS ENTITLED TO OHIO'S SOVEREIGN IMMUNITY

The state-law analysis for prosecutorial immunity is very similar to the federal analysis. Ohio R.C. § 2744.03(A)(7) states: "The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." Thus, R.C. 2744.03(A)(7) preserves the absolute immunity available to prosecutors at common law. See *Jopek v. Cleveland*, 2010-Ohio-2356 (8th Dist.). Prosecutors are considered "quasi-judicial" officers. *Willitzer v. McCloud*, 6 Ohio St.3d 447, 449 (1983). As such, prosecutors are entitled to absolute immunity when their activities are "intimately associated with the judicial phase of the criminal process." *Jopek* at ¶ 30.

Absolute immunity applies to prosecutors engaged in judicial functions. It does not extend to a prosecutor engaged in essentially investigative or administrative functions. *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S.Ct. 855, 172 L.Ed.2d 706. In *Buckley v. Fitzsimmons*, the Supreme Court delineated the two divergent sets of functions and stated:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand."

*Id.*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). The *Buckley* court cautioned, however, that the functions for which a prosecutor has absolute immunity "must include the professional

8

evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Id*. However, courts understand that the determination to bring charges necessarily involves some work in advance of the prosecution itself. Accordingly, absolute immunity extends to the preparation necessary to present a case, and part of that decision involves an evaluation of the evidence present in each case. *Jopek,* 2010-Ohio-2356, ¶ 32.

Plaintiff Doss's allegations are nothing more than the traditional conduct of a prosecutor as assessed above in regards to federal immunity. For this reason, Prosecutor Ward is entitled to sovereign immunity.

### D. THE OFFICIAL CAPACITY CLAIM IS REDUNDANT AND SHOULD BE DISMISSED
### E.

Ohio recognizes that an official capacity claim by or against an employee of a political subdivision functions as a direct claim against a political subdivision when that government entity is also included in the suit. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Plaintiff has only alleged facts that would support an official capacity claim as they all revolve around his actions as a law director or prosecutor. Since Plaintiff does not define his role in the suit as a "personal capacity" claim (indeed she does not identify any claim against him), the court must consider it an official capacity claim and dismiss him to allow the Plaintiff to proceed against the City of Amherst. See *Ohio Midland, Inc. v. Proctor*, S.D.Ohio No. 205CV01097ALMMRA, 2007 WL 1023916, *7 (Mar. 30, 2007); *Paffhausen v. Bay Cnty. Library Sys.*, E.D. Mich. No. 06-13324-BC, 2008 WL 1882694, *10 (Apr. 24, 2008). The claims against Prosecutor Ward, if any, should be displaced by the claims against City of Amherst.

### F. PLAINTIFF HAS FAILED TO PLEAD ALLEGATIONS BEYOND JUDICIAL-PROSECUTORIAL CONDUCT, OR IN THE ALTERNATIVE, PROSECUTOR WARD IS ENTITLED TO SOVEREIGN IMMUNITY

Plaintiff Doss appears to raise facts alleging that Prosecutor Ward improperly advised the City to withhold documents or information subject to her public records requests. Plaintiff does not go so far as to allege that the information allegedly withheld affected her prosecution. Plaintiff's only factual allegation is that Prosecutor Ward directed others to redact personal information contained in the personal text messages of the officers produced as public records – a task clearly encompassed in his role as an assistant director of law. Plaintiff Doss then goes on to surmise that the redactions must mean that other information was destroyed. This allegation lacks any basis in law or fact. Regardless, Plaintiff only names claims against the City for any alleged destruction of public records.

Even if Plaintiff were to have raised such claims against Prosecutor Ward, he would have sovereign immunity as a government employee. The Ohio immunity statute, R.C. § 2744.03, creates a presumption of immunity for official government acts carried out by political subdivisions and their employees. *Coterel v. Reed,* 2016-Ohio-7411, ¶ 14 (2nd Dist.), citing *Cook v. Cincinnati*, 103 Ohio App.3d 80, 90 (1st Dist.1995). There are three exceptions to this general grant of immunity for governmental employees: (1) the employee's acts or omissions were manifestly outside the scope of employment; (2) the employee's acts or omissions were with malicious purpose, bad faith, or in a wanton or reckless manner, or (3) civil liability is expressly imposed upon the employee by a section of the Revised Code. R.C. 2744.03(A)(6)(a)-(c).

It is undisputed that Prosecutor Ward is an employee of a political subdivision. Further, Plaintiff does not allege any of the exceptions in her Complaint. Plaintiff is required to make a short plain assertion of the facts in order to draft a sufficient pleading. While there is no heightened standard, the plaintiff must allege sufficient facts to identify an exception. *Maternal Grandmother v. Hamilton Cnty. Dept. of Job & Family Services*, 2021-Ohio-4096, ¶ 11. Plaintiff is clear that

Prosecutor Ward was acting within the scope of his employment. Compl. at ¶ 12, Doc. No. 1, PageID 4. Plaintiff fails to make any allegation that Prosecutor Ward acting with malicious purpose, in bad faith, or in a wanton or reckless manner. See Compl. generally. Finally, there is no statute that expressly imposes liability on the individual that makes redaction decisions on public records. The only liability is on the political subdivision. See R.C. Chapter 149, et seq. As such, Prosecutor Ward would be entitled to sovereign immunity for any action he allegedly took in regards to public records as plead in Plaintiff's Complaint.

## IV. CONCLUSION

Plaintiff does not allege any causes of action against Amherst City Prosecutor Patrick Ward; however, she simultaneously identifies him as a defendant and admits that he has prosecutorial immunity. Prosecutor Ward respectfully requests that he be dismissed from this action with prejudice as he is entitled to absolute prosecutorial immunity under both federal and state law, as well as sovereign immunity as an employee of the City for any allegations of improper redactions on public records. For all of these reasons, Defendant Patrick Ward requests that this Honorable Court grant his Motion to Dismiss with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: /s/ Jillian J. Dinehart
JILLIAN L. DINEHART (0086993)
*Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthon, and Jake Perez*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 11, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and upon Plaintiff as follows:

> JASMINE N. DOSS
> 5520 Beavercrest, Apt. 6
> Lorain, Ohio 44053
> lovinchrist8692@gmail.com
> *Plaintiff, pro se*

> MARSHALL DENNEHEY P.C.
>
> By: *[signature]*
> JILLIAN L. DINEHART (0086993)
> *Counsel for Defendants City of Amherst, Ohio, Patrick Ward, Christopher Alten, Jake Podrosky, Jared Warner, Brett Grandy, Mark Cawthorn, and Jake Perez*